# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2014

Lyle W. Cayce
Clerk

No. 14-10069
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS URIBE-NAVA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-171-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marcos Uribe-Nava appeals the revocation of his probation and the sentence imposed upon revocation, challenging the validity of the transfer of jurisdiction from the Western District of Texas to the Northern District of Texas. *See* 18 U.S.C. § 3605. Uribe-Nava argues that the United States District Court for the Northern District lacked jurisdiction to adjudicate violations of his probation committed prior to the Northern District's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10069

acceptance of jurisdiction over his probation imposed in 2008 in the Western District.  Conceding that his arguments are foreclosed by this court's decision in *United States v. Fernandez*, 379 F.3d 270 (5th Cir. 2004), he contends that *Fernandez* was incorrectly decided, and he raises the issue to preserve it for further review.

As Uribe-Nava concedes, whatever their merit, his arguments challenging the transfer of jurisdiction from the Western District to the Northern District are foreclosed by *Fernandez*.  *See Fernandez*, 379 F.3d at 272-77.  As Uribe-Nava further concedes, one panel of this court may not overrule the decision of another absent an en banc or superseding Supreme Court decision.  *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary.